FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEANA FARLEY, | No. 23-16224 |
| *Plaintiff - Appellee,* | D.C. No. 2:20-cv-02485-KJM-DB |
| v. | |
| LINCOLN BENEFIT LIFE COMPANY, | OPINION |
| *Defendant - Appellant.* | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge

Argued and Submitted January 14, 2025
Pasadena, California

Filed August 29, 2025

Before: JOHNNIE B. RAWLINSON and MILAN D. SMITH, JR., Circuit Judges, and JED S. RAKOFF, District Judge.[*]

Opinion by Judge Jed S. Rakoff

---

[*] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

# SUMMARY[**]

## Class Certification

The panel reversed the district court's class-certification order in an action brought by Deanna Farley, on behalf of a putative class, alleging that Lincoln Benefit Life Company failed to comply with consumer-protection provisions of the California Insurance Code requiring life-insurance companies to provide policyholders with certain kinds of notice and protections before a policy lapses because of the failure to pay a premium.

Farley, whose life insurance policy terminated after she inadvertently missed payments, alleged that Lincoln did not provide her with proper statutory notice prior to termination and that her own experience mirrored that of many other Californians. The district court found that the requirements of Fed. R. Civ. P. 23(a) were satisfied, and determined that certification was appropriate under Rule 23(b)(2) for the declaratory and injunctive relief sought by Farley. The certified class covered all policy owners, or beneficiaries upon a death of the insured, whose policies lapsed for non-payment without sufficient notice. The court appointed Farley as a class representative.

The panel held that this court's intervening decision in *Small v. Allianz Life Insurance Co. of North America*, 122 F.4th 1182 (9th Cir. 2024), required reversal of the class certification order. *Small*, involving the same legal issues, identified a critical threshold inquiry to be resolved before

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

evaluating Rule 23's requirements: to make out a claim, a plaintiff must not only show that California statutes were violated but must also show that the violation caused them harm.

Here, Farley was not an adequate representative under Rule 23(a) because she could not represent the interests of beneficiaries of lapsed life insurance policies. Moreover, as in *Small*, Farley's claims were atypical of other class members who allowed their policies to lapse intentionally and therefore had not been harmed by the same course of conduct. For such members, class-wide injunctive relief of policy reinstatement would be inappropriate and declaratory relief would serve no useful purpose. Because *Small* dictated the resolution of this case, the panel reversed the district court's class-certification order and remanded for further proceedings.

**COUNSEL**

Benjamin I. Siminou (argued) and Jonna D. Lothyan, Singleton Schreiber LLP, San Diego, California; Sarah Ball and Jack B. Winters Jr., Winters & Associates, La Mesa, California; Craig Nicholas and Alex Tomasevic, Nicholas & Tomasevic LLP, San Diego, California; for Plaintiff-Appellee.

Linda T. Coberly (argued), Winston & Strawn LLP, Chicago, Illinois; Mark D. Taticchi and Katherine L. Villanueva, Faegre Drinker Biddle & Reath LLP, Philadelphia, Pennsylvania; for Defendant-Appellant.

Jaime Santos and Benjamin Hayes, Goodwin Procter LLP, Washington, D.C.; Jennifer B. Dickey, U.S. Chamber of Commerce Litigation Center, Washington, D.C.; for Amicus Curiae the Chamber of Commerce.

Katherine B. Wellington, Hogan Lovells US LLP, Boston, Massachusetts; Nathaniel A.G. Zelinsky, Hogan Lovells US LLP, Washington, D.C.; Vanessa O. Wells, Hogan Lovells US LLP, Redwood City, California; for Amici Curiae Association of California Life and Health Insurance Companies and the American Council of Life Insurers.

Brian J. Malloy, Brandi Law Firm, San Francisco, California; David M. Arbogast, Arbogast Law, San Carlos, California; for Amicus Curiae Consumer Attorneys of California.

Julie Nepveu, William A. Rivera, and Mary Wiliam, AARP Foundation, Washington, D.C., for Amici Curiae AARP and AARP Foundation.

# OPINION

RAKOFF, District Judge:

Plaintiff Deana Farley filed a complaint in the United States District Court for the Eastern District of California, suing, on behalf of a putative class, defendant Lincoln Benefit Life Company ("Lincoln Benefit") for declaratory relief, breach of contract, and violations of California's Unfair Competition Law.[1] Her claims relate to consumer-protection provisions of the California Insurance Code—specifically, Sections 10113.71 and 10113.72 (the "Statutes")—that require life-insurance companies to provide policyholders with certain kinds of notice and protections before a policy lapses because of the failure to pay a premium. For example, Section 10113.71(a) mandates that "[e]ach life insurance policy issued or delivered in this state shall contain a provision for a grace period of not less than 60 days from the premium due date." Other provisions require an insurer to provide 30 days' notice to the policyholder before terminating a policy for nonpayment, *see* Section 10113.71(b), grant a policyholder the right to designate another person to receive this notice, *see* Section 10113.72(a), and compel insurers to notify a policyholder annually of her right to change her designee, *see* section 10113.72(b).

Farley alleges that Lincoln Benefit has "since January 1, 2013, . . . failed to comply with the Statutes."[2] She suggests

---

[1] Jurisdiction is predicated on 28 U.S.C. § 1332.

[2] Enacted in 2012, the Statutes took effect on January 1, 2013. Initially, there existed uncertainty in California law as to whether the Statutes' requirements applied to policies already in existence at that time. But in

that her own experience with Lincoln Benefit mirrors that of many other Californians. Farley had purchased a life-insurance policy on behalf of her then-minor son and timely submitted the policy's required quarterly payments. But, Farley alleges, Lincoln Benefit "did not provide a proper 30 day notice, or the right to designate a third party to receive such notice to [her] prior to termination of the policy"—both requirements under the Statutes. Farley inadvertently missed a premium payment in 2016 that caused the policy to lapse, and after reinstatement of the policy, she missed another payment in 2018, at which point the policy terminated. She argues that "termination of the policy was ineffective and the policy remains in force" because of Lincoln Benefit's failure to comply with the Statutes' requirements.

Over Lincoln Benefit's objection, the district court granted in part Farley's motion for class certification. After finding that the requirements of Rule 23(a) of the Federal Rules of Civil Procedure were satisfied,[3] the court determined that certification was appropriate under Rule 23(b)(2) for the declaratory and injunctive relief sought by

---

2021, the California Supreme Court held that the Statutes "apply to all life insurance policies in force when [the Statutes] went into effect, regardless of when the policies were originally issued." *McHugh v. Protective Life Ins. Co.* (*McHugh II*), 494 P.3d 24, 27 (Cal. 2021).

[3] Rule 23(a) of the Federal Rules of Civil Procedure imposes four "[p]rerequisites" for the certification of a class action, including that (1) "the class is so numerous that joinder of all members is impracticable"; (2) "there are questions of law or fact common to the class"; (3) "the claims or defenses of the representative parties are typical of the claims or defenses of the class"; and (4) "the representative parties will fairly and adequately protect the interests of the class."

Farley.[4] The court denied, without prejudice, certification for monetary relief under Rule 23(b)(3).[5] The class certified by the district court covered:

> All owners, or beneficiaries upon a death of the insured, of Defendant's individual life insurance policies issued in California before 2013 that Defendant lapsed or terminated for the non-payment of premium in or after 2013 without first providing all the notices, grace periods, and offers of designation required by Insurance Code Sections 10113.71 and 10113.72.

The court appointed Farley as class representative.

We subsequently granted Lincoln Benefit's petition for permission to appeal the district court's class-certification order under Rule 23(f). Lincoln Benefit's opening brief challenged class certification on multiple fronts, arguing that: (1) "commonality was lacking" (because the class included claimants who alleged violations of different notice provisions); (2) Farley's claim is "atypical" of the other claims in the class (both because some class members chose

---

[4] Rule 23(b)(2) provides that "[a] class action may be maintained if . . . the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

[5] Rule 23(b)(3) provides that "[a] class action may be maintained if . . . the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

to allow their insurance to lapse and because the class includes claimants seeking recovery of a death benefit); (3) Farley is an inadequate class representative (for many of the same reasons that Lincoln Benefit argued her claims are atypical); and (4) the district court abused its discretion in finding that the requirements of Rule 23(b)(2) were satisfied (in part because a "uniform, indivisible declaration or injunction is not available"). Amici curiae also submitted briefs in support of one side or the other.

After the appeal was fully briefed, Lincoln Benefit initially moved to continue oral argument based on a related action, in which another panel had heard argument on October 21, 2024. That panel then issued its decision, *Small v. Allianz Life Insurance Co. of North America*, 122 F.4th 1182 (9th Cir. 2024). Recognizing that *Small* "may impact the issues presented by this appeal," we ordered the parties to submit supplemental letter briefs by January 6, 2025. We then held oral argument on January 14, 2025.

We "review the decision to certify a class and 'any particular underlying Rule 23 determination involving a discretionary determination' for an abuse of discretion." *Oleon Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 663 (9th Cir. 2022) (en banc) (quoting *Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1091 (9th Cir. 2010)). "[T]he district court abuses its discretion if it 'applie[s] an incorrect legal rule or if its application of the correct legal rule [i]s based on a factual finding that was illogical, implausible, or without support in inferences that may be drawn from facts in the record.'" *White v. Symetra Assigned Benefits Serv. Co.*, 104 F.4th 1182, 1191 (9th Cir. 2024) (alteration in original) (quoting *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1164 (9th Cir. 2014)).

This appeal initially presented complicated questions regarding the interplay of the Statutes and the requirements of Rule 23 of the Federal Rules of Civil Procedure. But after the decision in *Small*, this case turns on a much narrower question: Does *Small* require reversal of the district court's class-certification order? As explained below, our answer is, yes.

In *Small*, plaintiff LaWanda Small, like Farley here, sued a life-insurance company—Allianz Life Insurance Co. of North America ("Allianz")—"for declaratory relief, breach of contract, and violations of California's Unfair Competition Law . . . alleging that Allianz failed to comply with the . . . notice requirements [in California Insurance Code sections 10113.71 and 10113.72]." *Small*, 122 F.4th at 1189. And like the district court in this case, the district court in *Small* certified "a class brought by universal and term life insurance policyholders and beneficiaries alleging breach of contract by Allianz." *Id.* at 1188. The district court in *Small*, however, "*sua sponte* divided the class into two subclasses": (1) "[t]he first . . . defined as 'owners of policies with currently living Insureds' seeking 'to have their policies reinstated'" (the "Living Insured Subclass"); (2) "[t]he second . . . defined as 'beneficiaries of policies with deceased Insureds,' seeking 'breach of contract money damages in the amount of the death benefit'" (the "Beneficiary Subclass"). *Id.* at 1189. After finding that both subclasses satisfied Rule 23(a)'s requirements, the district court certified the Living Insured Subclass seeking equitable relief under Rule 23(b)(2) and the Beneficiary Subclass under Rule 23(b)(3). *Id.* at 1189–90.

In reviewing the district court's class-certification order, *Small* identified a critical threshold inquiry to be resolved before evaluating Rule 23's requirements: "To determine

whether the class can be certified under federal law we must first determine *what [p]laintiffs must show* to recover for alleged violations of the Statutes under California law." *Id.* at 1191 (emphasis added). This question had divided the district courts; some had concluded that "to make out a claim, a plaintiff need only show the Statutes were violated," while others held that "a plaintiff must also show that the violation caused them harm." *Id.*; *see also, e.g.*, *Grundstrom v. Wilco Life Ins. Co.*, No. 20-cv-3445, 2023 WL 5723674, at *1 (N.D. Cal. Sep. 5, 2023); *Wollam v. Transamerica Life Ins. Co.*, No. 21-cv-9134, 2024 WL 1117050, at *6 (N.D. Cal. Mar. 13, 2024). In simpler terms, our court in *Small* described the two approaches as the "'violation-only' theory" and the "'causation' theory." *Id.* at 1192.

We found unpersuasive the arguments in support of the "violation-only" theory. Although California state courts had endorsed a similar theory for statutory notice regimes governing "short-term policies like auto and homeowner insurance," we identified an important distinction grounded in a unique "life insurance industry norm" whereby "policyholders intentionally cancel their policies (or intentionally allow the policies to lapse) before the Insured dies and the death benefit is payable." *Id.* at 1191, 1193–94. Accordingly, we "d[id] not think that the Statutes were designed to protect this class of Insureds." *Id.* at 1194. Similarly unpersuasive was our earlier "unpublished decision" in *Thomas v. State Farm Life Insurance Co.*, No. 20-55231, 2021 WL 4596286 (9th Cir. Oct. 6, 2021). *Small*, 122 F.4th at 1194. We explained that "[a]s an unpublished disposition, *Thomas* [was] not a binding interpretation of the theory of recovery under the Statutes," and noted that "its

truncated reasoning did not fully analyze the issues." *Id.* at 1195.[6]

Instead, we reasoned "that the California Supreme Court would adopt the 'causation' theory." *Id.* at 1192. In support of this determination, we relied on "the California Court of Appeal and Supreme Court *McHugh* cases interpreting the Statutes at issue." *Id.* at 1195. While the California courts in those cases had not explicitly adopted either theory of recovery, we determined that several indicia—including the California Court of Appeal's rejection of plaintiffs' reliance on the short-term policy cases—indicated that the California Supreme Court would favor the "causation" theory. *Id.* at 1195–96. This part of our opinion closed by summarizing six points supporting our conclusion about the "causation" theory:

> (1) the Statutes contain no private cause of action and thus require a breach of contract theory for which causation is a key element; (2) *McHugh I–III* suggest that California favors the "causation" theory; (3) there are no California Supreme Court or Court of Appeal cases adopting the "violation-only" theory for the Statutes; (4) several federal district

---

[6] We also rejected Small's reliance on an unenacted amendment to the Statutes, SB 1320, that "did not make it to a vote and was withdrawn." *Small*, 122 F.4th at 1194 n.4. Likewise, in this case, Farley argues that SB 1320 "was expressly intended to abrogate [*McHugh II* and *Thomas*] by amending the Statutes to do what *Small* did: Inject a causation requirement in the Statutes." In *Small*, we "afford[ed] the evidence little weight" because an "'unenacted bill' provides 'little clarity.'" *Id.* (quoting *Lara v. First Nat'l Ins. Co.*, 25 F.4th 1134, 1140 (9th Cir. 2022)). We decline to disturb the *Small* panel's evaluation of SB 1320 on materially indistinguishable facts, as explained *infra*.

courts have adopted the "causation" theory for the same reasons we do; (5) district courts that have adopted the "violation-only" theory predominantly rely on non-precedential *Thomas*; and (6) public policy favors the "causation" theory and weighs against the "violation-only" theory given the realities of the life insurance industry.

*Id.* at 1197.

Our analysis of the requirements of Rule 23 ultimately depended on our conclusion about "the elements of the underlying cause of action." *Id.* (quoting *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011)). Starting with Rule 23(b)(2),[7] we concluded that "[t]he district court erred when it certified the Living Insured Subclass by holding that it was entitled to class-wide equitable relief as provided in Rule 23(b)(2)." *Id.* at 1200. Evidence that many class members "knowingly let their policies lapse as a means of termination" presented two obstacles to certification under Rule 23(b)(2). *Id. First*, the "injunctive relief of reinstating policies [was] not 'appropriate'" because "forced reinstatement" would mean "reinstating policies for Insureds who intentionally cancelled and who cannot show that the inadvertent policy lapse caused harm." *Id.* at 1200–01. We noted that reinstatement would also "mean that all members of the Subclass must pay back lost premiums for the policies to be

---

[7] We also concluded in *Small* that the damages class did not satisfy Rule 23(b)(3) because the predominance requirement was not satisfied. *Id.* at 1199–1200; *see also supra* note 5. Here, the district court did not certify a damages class, so we need not address that part of the *Small* decision to resolve this case.

reinstated." *Id.* at 1201. *Second*, declaratory relief would not serve a "useful purpose." *Id.* The district court had ordered that the Living Insured Subclass was "entitled to a declaration that their life insurance policies were improperly lapsed by Allianz because it failed to strictly comply with the Statutes before it lapsed those policies." *Id.* But we explained that the declaration "improperly adjudicate[d] the breach of contract claim before [p]laintiffs established causation and damages by declaring that the policies 'improperly lapsed' *because* Allianz failed to comply with the Statutes." *Id.*

Turning to Rule 23(a), we concluded that "Small is not an adequate representative with typical questions to represent both Subclasses." *Id.* On adequacy, we stated that "Small cannot adequately represent a Subclass to which she does not belong" because, as a beneficiary of her deceased husband's life insurance policy, she did not "'possess the same interest' or 'suffer the same injury' as the Living Insured Subclass." *Id.* at 1203 (quoting *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997)). On typicality, the "'causation' theory [led] to the conclusion that Small, who alleges her policy lapsed inadvertently, [did] not have typical questions of members whose policies lapsed intentionally because they do not 'have the same or similar injury,' the action is 'based on conduct which is [] unique to the named plaintiff[],' and 'other class members have [not] been injured by the same course of conduct.'" *Id.* (quoting *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1141 (9th Cir. 2016)).

In this case, both parties acknowledge that *Small* decided the same legal issues presented by this appeal. And with good reason—the facts presented and legal questions briefed by the parties in this case are nearly identical to those in *Small*. In both cases, the plaintiffs, representing a diverse

class of policyholders for alleged violations of the Statutes, seek nearly identical declaratory and injunctive relief under Rule 23(b)(2). And while the district court in this case did not divide the class into Beneficiary and Living Insured Subclasses, the reasoning justifying our holdings on adequacy and typicality in *Small* applies with equal force here. On adequacy, Farley cannot represent the interests of the beneficiaries (included in the district court's class definition), just as Small could not adequately represent the interests of the living insured.[8] And on typicality, Farley does not have typical questions of members who allowed their policies to lapse intentionally.[9]

Farley's explicit acknowledgment that *Small* "involved the same controlling question of state law" comes close to resolving this appeal. Certainly, we are bound by the prior panel's decision in *Small*. *See Balla v. Idaho*, 29 F.4th 1019, 1028 (9th Cir. 2022) ("We are bound by the law of our circuit, and only an en banc court or the U.S. Supreme Court

---

[8] Farley asserts that adequacy is not at issue in her case because "the district court only certified a class of policy owners under Rule 23(b)(2), and Farley is a policy owner." Indeed, the district court denied certification of a Rule 23(b)(3) class of beneficiaries seeking monetary relief on adequacy grounds. Still, the court included beneficiaries in the class definition. On the one hand, Farley no longer seeks to represent a Rule 23(b)(3) beneficiary class seeking monetary relief, while Small (a beneficiary) *did* represent a Rule 23(b)(2) living insured class seeking injunctive relief. But, on the other hand, the class here includes beneficiaries, which *Small* suggests do not "possess the same interest" or "suffer the same injury" as the living insured. *Small*, 122 F.4th at 1203 (quoting *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997)). Ultimately, adequacy is not critical here because Farley's claims are not typical for the same reasons described in *Small*.

[9] The record in this case includes similar expert evidence about the presence of class members who intentionally lapsed their policies.

can overrule a prior panel decision."). And that well-settled proposition dispatches Farley's argument that "*Small* is not yet binding." To be sure, Farley is correct that Small's deadline to petition for rehearing had not yet passed at the time supplemental briefing was submitted in this appeal. *See Nat. Res. Def. Council, Inc. v. Cnty. of Los Angeles*, 725 F.3d 1194, 1203 (9th Cir. 2013) ("No opinion of this circuit becomes final until the mandate issues.") (quoting *Carver v. Lehman*, 558 F.3d 869, 878 (9th Cir. 2009)). But Farley does not cite any authority that would allow *this* panel to disregard the reasoned opinion of the *Small* panel on that basis.

Farley's challenges on the merits, which make up the majority of her supplemental brief, fail for the same reason: They rehash arguments already rejected in *Small*. So too for Farley's request that this panel certify the question of state law to the California Supreme Court. *Small* settled the interpretation of the statutes in our circuit, and Farley identifies no authority that would allow us to circumvent that decision by certifying the issue to the California Supreme Court.[10]

---

[10] Farley cites *Troester v. Starbucks Corp.*, 680 F. App'x 511, 513 (9th Cir. 2016), for the proposition that "[e]ven a binding decision does not stop a panel from certifying a question to a state court of last resort." But *Troester* did not involve a binding decision, *see id.* at 513 ("A panel of this Circuit, *in an unpublished disposition*, predicted that the California Supreme Court would decide the doctrine is applicable to such claims.") (emphasis added), and the Court in *Troester* added that "recent authority from the California Supreme Court . . . was not before that panel," *id.* Additionally, Farley cites our decision in *Pitt v. Metropolitan Tower Life Insurance Co.*, 129 F.4th 583 (9th Cir. 2025), to certify a question regarding the Statutes to the California Supreme Court as grounds for certification here. That case, however, involves an entirely different question about whether the Statutes "apply to life insurance policies originally issued or delivered in another state." *Id.* at 585. Farley does

To be sure, Farley raises one argument in her supplemental brief that deserves closer attention. Contending that *Small* is distinguishable, she argues that "Farley expressly limited class relief to a letter giving class members the option to reinstate their policy, obviating concerns about members who did not want their policies."[11] While Farley's argument has intuitive appeal—particularly because it addresses the intentional-lapse issue that appears to have motivated much of the analysis in *Small*—it faces legal, logical, and practical hurdles.

As a legal matter, the Supreme Court has explained that "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would *provide relief to each member of the class*." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011) (emphasis added); *see also id.* ("The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful *only as to all of the class members or as to none of them*.") (internal quotation marks and citation omitted) (emphasis added). But class members who allowed their policies to lapse are, under our interpretation in *Small*, not entitled to relief and, at the very least, would not benefit from the requested injunction.

As a logical matter, Farley's argument is also at odds with her theory of the case. If we were to accept her theory that the insurance policies never terminated (because of

---

not cite any authority that would allow us to certify the question presented in *this* case, when we have already ruled on that issue in *Small*.

[11] Farley does not cite record support for this assertion, and the district court's class-certification decision does not include any such limitation. Nevertheless, for purposes of resolving her argument, we accept her position as true.

Lincoln Benefit's violation of the Statutes), then it would be strange to allow class members to *choose* to reinstate policies that, on Farley's theory, never lapsed. Finally, as a practical matter, Farley requested nearly identical relief in this case as the plaintiff in *Small*, *see supra* pp. 13-14, so it is difficult to justify a different outcome here. And even if Farley *could* satisfy Rule 23(b)(2) on this theory, her argument does not resolve the Rule 23(a) problems— particularly typicality—that she faces after *Small*.

For the reasons already explained, our decision in *Small* dictates the resolution of this case. Although we note that the district court's certification order carefully resolved a difficult issue that had divided courts in our circuit, "a district court abuses its discretion when it makes an error of law," *United States v. Hinkson*, 585 F.3d 1247, 1261 (9th Cir. 2009) (en banc), and thus our intervening decision in *Small* requires us to conclude that the class-certification order is **REVERSED** and the case is **REMANDED** to the district court for further proceedings.